```
                    IN THE UNITED STATES DISTRICT COURT
                        DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Joseph Dominick Urato, # 349299,   ) | |
| ) | C/A No.: 6:15-cv-1062-TMC-KFM |
| Petitioner,   ) | |
| ) | **RESPONDENT'S OBJECTIONS** |
| v.   ) | **TO REPORT & RECOMMENDATION** |
| Warden Robert Stevenson, III,   ) | |
| ) | |
| Respondent.   ) | |
| _____   ) | |

On January 25, 2016, the Honorable Kevin F. McDonald, United States Magistrate Judge, issued a Report and Recommendation. Respondent has the following objections to the Magistrate Judge's Report.

I.

**PROCEDURAL HISTORY**

Petitioner is currently incarcerated in Lieber Correctional Institution pursuant to an order of commitment from the Clerk of Court of Greenville County. Petitioner was indicted at the July 2011 term of the Greenville County Grand Jury for bank robbery (Indictment No. 2010-GS-23-7945) and for conspiracy (Indictment No. 2010-GS-23-7909). Petitioner was indicted at the December 2011 term of the Greenville County Grand Jury for bank robbery (Indictment No. 2010-GS-23-7946).[1] Attachment 1, PCR App. at 76–77.

---

[1] From Respondent's counsel's review of the state court documents, it appears that Petitioner was originally indicted for two counts of armed robbery, but one of the indictments mistakenly listed a bank that Petitioner had robbed as Wachovia rather than First Savers Bank. Attachment 2, Initial Indictment No. 2010-GS-23-7946. Thus, an amended indictment was submitted, which corrected that error, and which was true-billed by the grand jury in the December 2011 term. During Petitioner's guilty plea, the plea judge (with Petitioner's consent) deemed the amended indictment as the original, and he made a notation on the indictment identifying it as the deemed original. *See* Attachment 1, PCR App. at 8–11, 76.

1

**The first objection and or clarification is with respect to the crimes the Petitioner pled guilty**. In the State's Return, the Respondent stated that Petitioner pled guilty as indicted before the Honorable Edward Miller. As reflected at the guilty plea it states as follows:

> The case of **2010-GS-23-7945**, Mr. Urato is indicted for bank robbery and **he's pleading guilty to entering a depository with intent to steal**. In the case of **2010-GS-23-7946,** Mr. Urato is also indicted for bank robbery and **he's pleading guilty to same**.

App.p. 3, l. 6-13.

Judge Miller then sentenced Petitioner to concurrent terms of thirty years suspended on service of eighteen years and three years of probation for one count of bank robbery,[2] thirty years suspended during probation for the second count of bank robbery, and five years for conspiracy. Attachment 1, PCR App. at 16–17.

Amended **indictment 2010-GS-23-007946** sets out:

> "That JOSEPH DOMINICK URATO did in Greenville County, on or about the 30th day of July, 2010, enter the **First Savers Bank,** located at 1818 Augusta Street, Greenville, South Carolina, with intent to steal money, securities for money, or property, either by force, intimidation or threats. **This in violation of §16-11-0380 of the Code of Laws as amended.**

App.p. 76-77.

S.C. Code Ann. **§ 16-11-380** is styled "Entering bank, depository or building and loan association with intent to steal; theft or solicitation of person using automated teller machine. The elements and sentencing are as follows in its pertinent part related to this crime:

> (**A) It is unlawful for a person to enter a building or part of a building occupied as a bank, depository, or building and loan association with intent to steal money, securities for money, or property, either by force, intimidation, or threats.**
>  (D) A person who violates the provisions of:

---

[2] Indictment No. 2010-GS-23-7946.

> (**1**) **subsection (A) is guilty of a felony and, upon conviction, must be imprisoned not more than thirty years;**
> (2) subsection (B) is guilty of a felony and, upon conviction, must be fined not more than ten thousand dollars or imprisoned not more than twenty years, or both; and
> (3) subsection (C) is guilty of a misdemeanor and, upon conviction, must be fined not more than five hundred dollars or imprisoned not more than thirty days, or both.

S.C. Code Ann. § 16-11-380. (emphasis added).

## II.

In the Report, the Court noted the following portion of the record related to the factual basis:

> On July 27, 2010, the co-defendant, Deborah Bassler, walked into an Arthur State Bank in Greenville County. She pretended to use the bathroom to make sure the bank was clear. After she left, this defendant entered the bank wearing a mask and a blue bandana around his mouth. He jumped over the counter, was screaming the whole time, and said that no one would get hurt and demanded money. The defendant got approximately $3,400 in cash from the teller and left the bank.
>
> Both the co-defendant and Bassler were arrested on July 30, 2010, after Bassler entered the First Saver's Bank on Augusta Road. The teller there recognized Bassler as the co-defendant in the Arthur State Bank robbery, and she tripped a silent alarm. **According to Bassler's testimony, she went in the First Savers Bank to scope it out just like she did at the Arthur State Bank. She went back to the truck with this defendant, they started gearing up to rob the bank, and that's when the police arrived and apprehended both suspects.** She gave a complete statement implicating herself and the defendant and she was deferred sentencing back in November. She was going to testify today.

(App. 7–8). Report, p. 12 of 21. Entry No. 35.

The Report further points out this portion of the Petitioner's PCR testimony:

> From what I understand, the problem with the Indictment originally was that they were saying it was a Wachovia Bank. And that's what I thought they were fixing. Because I kept saying, I have nothing to do with a Wachovia Bank. Then they switched it to—it was attempted robbery, originally. It was never bank robbery**, I never entered the bank or even enter that bank. So, I was saying I didn't rob that bank or even enter that bank.** And they said, Well, they switched it to the First Savers Bank. Because apparently **while me and my co-defendant were separated, she had went into the First Savers Bank**. Which I

3

   wasn't aware of at the time. And that would have came out if we went to trial. Because I would have testified to that. But what happened was they changed it from attempted robbery to bank robbery. I never entered that bank, I never robbed that bank.
    So, my whole grief with this whole thing is **how am I in SCDC for robbing a bank that was never robbed?** If we took the bank tellers or the bank president and they got on the stand right now and asked them if their bank was ever robbed, they would say no. And that would be the truth because it was never robbed. So how am I being charged with a bank that was never charged?

App. 41–42).

### III.

In the Report, the Magistrate Judge recognized that the PCR Court did not address the petitioner's particular argument raised within his federal habeas corpus petition "that he never entered the First Savers Bank and that therefore his plea counsel should not have advised him to plead guilty to robbery of that bank." Report, p. 18. The Magistrate Judge correctly noted that if a PCR court fails to address a claim as required by South Carolina Code §17-27-80, counsel for the Applicant must make a motion to alter or amend the judgment pursuant to Rule 59 ( e ), SCRCP to preserve the issue for appellate review. *See Marlar v. State*, 375 S.C. 407, 408, 653 S.E.2d 266, 266 (2007) ("The failure to specifically rule on the issues precludes appellate review of the issues.").[3] The Magistrate Judge further correctly concludes that no motion was made in this case. Thus, the issue was barred from appellate review in the PCR appeal before the South Carolina appellate court.

---

[3] This procedural bar has been acknowledged as a "consistently" applied state-law based procedural rule for purposes of a default analysis, at least after clarification in the November 5, 2007 *Marlar* opinion. *See Bostick v. Stevenson*, 589 F.3d 160, 164 (4th Cir. 2009) (finding that the rule was not consistently applied until the Supreme Court of South Carolina clarified same in *Marlar*). Petitioner's action, having been decided by an order dated October 8, 2013, and filed October 10, 2013, is certainly subject to this bar.

However, the Magistrate Judge then refers to the Petitioner's *pro se* Johnson Petition to contend that his plea counsel was ineffective in his legal advice by failing to inform him that the State could not prove the elements of the indicted and he failed to either move to quash the indictment or inform Petitioner that he had a viable defense under Section 16-11-380. In Petitioner's citation, he had emphasized "enters" and "with intent to steal." Report, p. 18, citing Doc. 17-8, at 12. In his habeas petition, Urato attempts to generally assert the issue was not preserved due to ineffective assistance of PCR counsel when he states the fact: "The Petitioner's post-conviction counsel did not submit a Rule 59 ( e ) motion."

Respondent would object that this statement in the petition – a statement of fact – is adequate to assert or that his PCR counsel was ineffective under Martinez v. Ryan. Martinez places a burden on the Petitioner to show:

> a federal habeas petitioner who seeks to raise an otherwise procedurally defaulted claim of ineffective-assistance-of-trial-counsel before the federal court may do so only if: (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the "cause" for default "consist[s] of there being no counsel **or only ineffective counsel during the state collateral review proceeding"**; (3) "the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim"; and (4) state law "requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding."

Fowler v. Joyner, 753 F.3d 446, at 461 (4th Cir. 2014).

Here, the Petitioner has made no showing that his PCVR counsel was ineffective – only that he did not file a Rule 59 motion. In his response to the state's motion for summary judgment, Petitioner states "both lawyers misrepresented me" [ unclear who he is referring to] and that he now had proof that "First Savers Bank was never robbed." Doc. 29, p. 1-2. Respondent respectfully disagrees that a bare statement that "counsel did not file a Rule 59 motion" or similar statement is sufficient to satisfy a petitioner's burden of showing ineffective

assistance of PCR counsel under Martinez to next go to a second step of whether the claim is a substantial one. Otherwise, the mere fact that an issue is procedurally barred by not being presented in a collateral action would always lead necessarily to a determination of whether an issue of trial ineffectiveness is a substantial one. Here, the petitioner failed to show that his PCR counsel was ineffective or that there was a sound basis for making a Rule 59 motion. This is not a situation where Petitioner had no counsel. Therefore, the condition precedent of "ineffective PCR counsel" must be shown to get to that step. The United States Supreme Court has recognized the right of a habeas petitioner to be excused from a procedural default of an ineffective assistance of a state criminal trial counsel claim where the PCR counsel "was ineffective under the standards of Strickland v. Washington . see also Sexton v. Cozner, 679 F.3d 1150, 1159 (9th Cir.2012) (summarizing the Martinez test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective ..., whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice"). Acord, Russell v. Warden of Broad River Prison, No. CV 0:15-267-DCN-PJG, 2015 WL 9873807, at *11 (D.S.C. Dec. 16, 2015) report and recommendation adopted sub nom. Russell v. Prison, No. 0:15-CV-0267 DCN, 2016 WL 234986 (D.S.C. Jan. 20, 2016)

In the Respondent's Return, we asserted:

> Petitioner attempts to overcome the procedural default by arguing that the ground was not preserved due to the ineffective assistance of PCR counsel. However, Respondent submits that this allegation is insufficient to overcome the procedural default as Petitioner cannot "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012). As discussed in further detail below, Petitioner's Ground One, even if it had been properly before this Court, lacks merit.

6

Respondent's Return, p. 11-12. Doc. 17.

In the Report, the Magistrate Judge recommended that "the respondent be given the opportunity to file a motion for summary judgment addressing the petitioner's argument that PCR counsel's ineffectiveness in failing to preserve the issue serves as cause to overcome the procedural default , as discussed above." The Magistrate Judge concluded "the respondent does not specifically address why this portion of the petitioner's claim (that he did not enter First Savers Bank and therefore plea counsel was ineffective in advising him to plead guilty to robbery of that bank) lacks merit (see doc. 17 at 11-21). Respondent does not object to that conclusion.

Respondent notes the following salient factors why Petitioner's claim is not a substantial claim under Martinez. He asserts that he did not enter the First Savers Bank and subsequently concludes that Bank was not robbed.

First, the indictment for a violation of Section 16-11-380 does not have a "robbery" as an element, only the entry with intent to steal.

Second, the state's evidence raised at the plea was that according to accomplice Bessler "she went in the First Savers Bank to scope it out just like she did at the Arthur State Bank. She went back to the truck with this defendant, they started gearing up to rob the bank, and that's when the police arrived and apprehended both suspects." It was not the States theory that Urato actually went into the First Savers Bank, but that Bessler entered it with the intent to steal in scoping it out. The indictment named Urato as a principal, but he was on notice at the plea and before that Bessler was the person who entered the bank. "It is well-settled that a defendant may be convicted on a theory of accomplice liability pursuant to an indictment charging him

only with the principal offense." *State v. Dickman,* 341 S.C. 293, 295, 534 S.E.2d 268, 269 (2000) (citations omitted); *see also State v. Leonard,* 292 S.C. 133, 355 S.E.2d 270 (1987). 15 Under an accomplice liability theory, "a person must personally commit the crime or be present at the scene of the crime and intentionally, or through a common design, aid, abet, or assist in the commission of that crime through some overt act." *State v. Langley,* 334 S.C. 643, 648-49, 515 S.E.2d 98, 101 (quoting *State v. Austin,* 299 S.C. 456, 459, 385 S.E.2d 830, 832 (1989)). See *State v. Condrey*, 349 S.C. 184, 194, 562 S.E.2d 320, 325 (Ct. App. 2002).

Thus Respondent submits that they will be entitled to summary judgment because Petitioner cannot satisfy Martinez on his assertions.

                              Respectfully submitted,

                              ALAN WILSON
                              Attorney General

                              JOHN W. McINTOSH
                              Chief Deputy Attorney General

                              DONALD J. ZELENKA
                              Senior Assistant Deputy Attorney General
                              ID No. 4425

                              Post Office Box 11549
                              Columbia, South Carolina 29211
                              (803) 734-6305

                              */s/ Donald J. Zelenka*

By: _____
     DONALD J. ZELENKA
     ATTORNEYS FOR RESPONDENTS

February 11, 2016