IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joseph Dominick Urato, | ) | |
| | ) | Civil Action No. 6:15-1062 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Robert Stevenson, III, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Joseph Dominick Urato, a state inmate proceeding pro se, filed this petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[1]  Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Respondent's motion for summary judgment (ECF No. 15) be granted in part and denied in part with leave to re-file. (ECF No. 35).  The parties were advised of their right to object.  Defendant has filed objections to the Report; Petitioner has not.  (ECF No. 37 at 1).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).  However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, DSC, this matter was initially referred to a magistrate judge.

1

timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his petition for habeas corpus, Petitioner raised the following ground: "Ineffective assistance of counsel. Never entered [the bank] that I'm charged with; never saw or shown indictment." (ECF No. 1 at 5). The magistrate judge treated this ground as raising two separate issues. (ECF No. 34).

The first issue that Petitioner raised is that plea counsel provided ineffective assistance of counsel by failing to show Petitioner the indictment. The magistrate judge found that Petitioner had exhausted his administrative remedies on the issue of ineffective assistance of counsel for plea counsel allegedly failing to show Petitioner the indictment. (ECF No. 34 at 10). The magistrate judge examined the merits of that claim, and recommended the court find that Petitioner has failed to meet his burden in showing that counsel was ineffective or that he suffered any prejudice. (ECF No. 34 at 10–17). Petitioner has not filed objections to the Report. The court has reviewed that portion of the Report for clear error, and finding none, adopts the magistrate judge's well-reasoned analysis and recommendation.

The second issue raised by Petitioner is that plea counsel was ineffective for recommending that Petitioner plead guilty to bank robbery notwithstanding the fact that he never entered into the bank. (ECF No. 1 at 5). Respondent argues that this claim is procedurally barred. (ECF No. 17). Petitioner does not address that argument in his response to the motion for summary judgment. (ECF No. 29). Petitioner did, however, address the failure to exhaust this claim in his habeas petition where he states:

> The Petitioner's Post conviction court appointed counsel did not amend to the Petitioner's original Post Conviction Application (sic), the Petitioner's Post Conviction counsel did not submit a 59(e) motion. Because of this stated fact, the state remedy was not and could not meet the exhaustion requirements.

(ECF No. 1 at 5). It appears that Petitioner is attempting to bypass default pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012). The magistrate judge agreed with Respondent that the post-conviction relief ("PCR") court never addressed this particular argument, and that no motion was made by Petitioner's PCR counsel to alter the judgment. (ECF No. 34 at 18). The magistrate judge recommended denying the motion as to this portion because Respondent failed to address Petitioner's claim that his claim has merit because he could not be convicted of robbing a bank he never entered. (ECF No. 34 at 19). The magistrate judge recommended giving Respondent leave to address this specific issue in a subsequent motion for summary judgment. (ECF No. 34 at 19).

Although Respondent admits that he did not specifically address *Martinez* in his motion for summary judgment, Respondent objects to the magistrate judge's recommendation. (ECF No. 37). In his objections, Respondent asserts that the burden is on Petitioner, not Respondent, to show relief under *Martinez*. Respondent claims that Petitioner failed to meet his burden under *Martinez* because his PCR attorney's failure to preserve an issue is not proof of ineffective assistance. (ECF No. 37 at 5–6). Respondent also lists reasons why Petitioner's claim is not a substantial one under *Martinez*. (ECF No. 37 at 7).

The court has thoroughly reviewed the magistrate judge's Report as well as Respondent's objections. The court is mindful of Respondent's arguments, but finds that additional briefing by both parties directed specifically at the *Martinez* issue is warranted based on the facts of this case. Therefore, after a thorough review of the applicable law, the record in this case, and the Report, the court adopts the Report (ECF No. 35) and incorporates it herein by reference. Accordingly, Respondent's motion for summary judgment (ECF No. 16) is **GRANTED** in part

and **DENIED** in part.  Respondent shall have leave to file a second motion for summary judgment.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

March 15, 2016
Anderson, South Carolina