# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | |
|---|---|
| Joseph Dominick Urato, # 349299, ) | |
| ) | |
| ) | Civil Action No. 6:15-1062-TMC-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden Robert Stevenson, III, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a state prisoner who is represented by counsel, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the district court.

## BACKGROUND

The petitioner is currently incarcerated at the Ridgeland Correctional Institution in the South Carolina Department of Corrections ("SCDC"). He was indicted by the Greenville County Grand Jury in July 2011 for bank robbery (Indictment No. 2010-GS-23-7945) and conspiracy (Indictment No. 2010-GS-23-7909) (app. 69-70, 72-73). The petitioner was also indicted in December 2011 for bank robbery (Indictment No. 2010-GS-23-7946)[1] (app. 76-77). On January 17, 2012, the petitioner pled guilty before the

---

[1]The guilty plea record reveals that the petitioner was originally indicted for two counts of bank robbery, but one of the indictments listed the name of the bank incorrectly as Wachovia Bank instead of First Savers Bank (doc. 17-2). An amended indictment was submitted correcting the error and was true-billed in the December 2011 term. During the petitioner's guilty plea, the plea court deemed the amended indictment as the original and made a notation on the indictment (app. 8-11, 76-77).

Honorable Edward Miller (app. 1–18, 71, 75, 79). Attorney Randy Chambers represented the petitioner at the plea hearing. Assistant Solicitor Jon Gregory represented the State (app. 1-17).[2] Based on the plea colloquy, Judge Miller accepted the plea, finding a substantial factual basis for the plea and that it was freely, voluntarily, and intelligently made with the advice of counsel (app. 11–12). Judge Miller then sentenced the petitioner to concurrent terms of 30 years suspended on service of 18 years and three years of probation for bank robbery (Indictment No. 2010-GS-23-7946) (app. 79); 30 years suspended during probation for bank robbery (Indictment No. 2010-GS-23-7945) (app. 71); and five years for conspiracy (Indictment No. 2010-GS-23-7909) (app. 16-17, 75). The petitioner did not file a direct appeal.

*PCR*

The petitioner filed an application for post–conviction relief ("PCR") on May 31, 2012 (app. 19-26; doc. 17-3)[3] raising the following claims:

> 10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:
>
> (a) Lawyer advised me that if I plead I would get a 10 yrs non violent sentence.
>
> (b) Probation officer said it would be a 51% but SCDC has it as non violent 85%.
>
> (c) Never entered bank that I'm charged with. Never saw or shown indictment. I've been charged with wrong bank!!!
>
> 11. State concisely and in the same order the facts which support each of the grounds set out in (10):

---

[2] The first page of the plea transcript has the names of the Assistant Solicitor and defense counsel switched (app. 1). The plea colloquy, however, reveals that Mr. Chambers represented the petitioner, and the Assistant Solicitor was Mr. Gregory (app. 7-17). Additionally, the petitioner states in response in opposition to the motion for summary judgment that Randy Chambers was his plea attorney (doc. 29).

[3] The respondent has included a separate copy of the PCR application, as the date stamp on the copy in the PCR appendix is illegible.

       (a) *Padilla v. Kentucky / Chaidez v. U.S.*

(App. 21, 62).

On August 31, 2012, Assistant Deputy Attorney General Karen C. Ratigan filed the State's return (app. 27–32). On August 28, 2013, an evidentiary hearing was convened before the Honorable Robin B. Stilwell (app. 33-56). The petitioner was present and represented by Susannah Ross at the hearing (app. 33). At the conclusion of the hearing, Judge Stilwell denied the petition (app. 52-55). By order filed October 10, 2013, Judge Stilwell memorialized the denial and dismissal *with prejudice* of the petitioner's PCR application (app. 61–68).

## *PCR Appeal*

PCR counsel filed a notice of intent to appeal on November 1, 2013 (doc. 17-4). On June 19, 2014, LaNelle Cantey Durant, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a *Johnson* petition for writ of certiorari asking, "Did the PCR court err in failing to find plea counsel ineffective for not insuring that petitioner's guilty plea was entered freely, voluntarily and knowingly?" (doc. 17-5 at 3). Along with the *Johnson* petition, PCR appellate counsel filed a petition to be relieved as counsel. (doc. 17-5 at 9).

In a document dated July 15, 2014, the petitioner submitted a *pro se* motion to supplement the record in his PCR appeal pursuant to Rule 212(b), SCACR (doc. 17-6). On August 7, 2014, the Supreme Court of South Carolina denied the motion (doc. 17-7).

On July 23, 2014, the petitioner submitted a *pro se Johnson* petition raising the following issues:

> I. Did the PCR Court err in failing to find Applicant was denied the effective assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution where counsel failed to secure enforcement of the 10 year plea agreement?

> II. Did the PCR Court err in failing to find Applicant was denied the effective assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution where counsel failed to challenge the elements of the Indictment as to whether the offense was committed?
>
> III. Did the PCR Court err in failing to find Applicant was denied the effective assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution where counsel failed to inform Applicant of his right to appeal?

(Doc. 17-8 at 3).

On October 8, 2014, the South Carolina Supreme Court denied the petition (doc. 17-9). The remittitur was issued on October 24, 2014 (doc. 17-10). The Greenville County Public Index reflects that the remittitur was filed in the Clerk's Office on October 28, 2014 (doc. 17-11).

## **FEDERAL PETITION**

On March 6, 2015, the petitioner filed a § 2254 petition (doc. 1). At that time, he was proceeding *pro se* (*id.*). In his federal petition, the petitioner made the following claim:

> Ground One: Ineffective assistance of counsel. Never entered that I'm charged with: Never saw or shown indictment.
>
> Supporting Facts: The lower courts decision was based on unreasonable determination of facts. The indictment is insufficient because false and misleading statements was presented to the grand jury.

(Doc. 1 at 5 (errors in original)).

On June 1, 2015, the respondent filed a motion for summary judgment (doc. 16). By order filed June 2, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion (doc. 18). After being granted two extensions of time, the petitioner filed a response in opposition to the motion for summary judgment on August 19, 2015 (doc. 29).

On January 25, 2016, the undersigned issued a report and recommendation recommending that the motion for summary judgment be granted as to the portion of the ground for relief that was addressed by the PCR court ("Never saw or shown indictment") and denied as to the procedurally defaulted portion of the ground for habeas relief ("Never entered [bank] that I'm charged with") (doc. 35). On March 15, 2016, the Honorable Timothy M. Cain, United States District Judge, adopted the report and recommendation and granted summary judgment on the issue of ineffective assistance of counsel in allegedly failing to show the petitioner the indictment (doc. 39 at 2). As to the issue of whether plea counsel was ineffective for recommending that the petitioner plead guilty to bank robbery notwithstanding the fact that he never entered the bank, Judge Cain ordered additional briefing as to whether PCR counsel's failure to raise the issue provided cause to excuse the petitioner's procedural default of this issue under *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012).

On March 30, 2016, the respondent filed a second motion for summary judgment on the remaining issue (doc. 42). By order filed on April 1, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion (doc. 43). On May 1, 2016, attorney Elizabeth Anne Franklin-Best noticed her appearance on behalf of the petitioner (doc. 45). The petitioner's response to the second motion for summary judgment was filed on May 4, 2016 (doc. 46). On May 13, 2016, the respondent filed a reply (doc. 48).

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is

deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

As noted above, the only issue before the court is the petitioner's claim that plea counsel was ineffective for advising him to plead guilty to bank robbery notwithstanding the fact that he never entered the First Savers Bank. Indictment Number 2010-GS-23-7946 stated that on July 30, 2010, the petitioner "enter[ed] the First Savers Bank . . . with intent to steal money, securities for money, or property, either by force, intimidation, or threats," in violation of South Carolina Code Annotated Section 16-11-380 (app. 77). At the petitioner's guilty plea, the prosecutor stated that the State was prepared to prove that,

6

according to the testimony of the petitioner's co-defendant Deborah Basler[4], she "went in the First Savers Bank to scope it out just like she did at the Arthur State Bank. She went back to the truck with this defendant, they started gearing up to rob the bank, and that's when the police arrived and apprehended both suspects" (app. 8).

In his PCR application, the petitioner alleged as one of the grounds for relief, "Never entered bank that I'm charged with. Never saw or shown indictment. I've been charged with wrong bank!!!" (app. 21). The petitioner testified as follows in the PCR hearing:

> So, I was saying I didn't rob that bank or even enter that bank. And they said, Well, they switched it to the First Savers Bank. Because apparently while me and my co-defendant were separated, she had went into the First Savers Bank. Which I wasn't aware of at the time. And that would have came out if we went to trial. Because I would have testified to that. But what happened was they changed it from attempted robbery to bank robbery. I never entered that bank, I never robbed that bank.
>
> So, my whole grief with this whole thing is how am I in SCDC for robbing a bank that was never robbed? If we took the bank tellers or the bank president and they got on the stand right now and asked them if their bank was ever robbed, they would say no. And that would be the truth because it was never robbed.

(App. 41-42). The petitioner's plea counsel testified that he thought the State had a very good case, and if the petitioner went to trial, plea counsel believed the petitioner would be convicted (app. 47-48). Plea counsel further testified that he felt that the petitioner would be convicted of bank robbery, not just attempted bank robbery. Plea counsel testified, "[E]vidence was such that the petitioner never went into a bank but that he was acting in concert with the co-defendant and that's what she was going to testify to" (app. 47).

In the order denying relief, the PCR court did not address the petitioner's particular argument that he never entered the First Savers Bank and that therefore his plea

---

[4] The indictment for conspiracy names accomplice as "Deborah Pittman Basler" (Tr. 73). In the transcript of the guilty plea, she is referred to as Bassler (app. 5-7).

7

counsel should not have advised him to plead guilty to robbery of that bank. If the PCR court fails to address a claim as is required by South Carolina Code Section 17–27–80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP to preserve the issue for appellate review. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007).[5] No such motion was made in this case. In his *pro se Johnson* petition for writ of certiorari, the petition argued, in pertinent part:

> Mr. Chambers failed to provide the effective assistance of counsel in . . . failing to provide competent legal advice in not informing Petitioner that the State could not prove the elements of the indicted offense in Indictment 2010-GS-23-7946, App. 76-77, and that counsel could either move to quash the indictment or inform Petitioner that he had a viable defense. The indictment in question charges a violation of S.C. Code of Laws § 16-11-380. The elements of [this section] read:
>
>> A person commits the crime of entering a bank with intent to steal when he:
>>
>> *a. enters* a building or part of a building occupied as a bank, depository, or building and loan association;
>> *b. with intent to steal*
>> c. money or securities for money
>> d. by force, intimidation, or threats.
>
> Petitioner submits that Mr. Chambers failed to advise that the State could not prove the elements of subsections "a" and "b" above.

(Doc. 17-8 at 12 (emphasis in original)).

The petitioner attempts to overcome the procedural default by arguing that the ground was not preserved due to the ineffective assistance of PCR counsel (*see* doc. 1 at 5 ("The Petitioner's post conviction counsel did not submit a 59(e) motion.")). "[A] federal

---

[5]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007, decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

court ordinarily may not consider claims that a petitioner failed to raise at the time and in the manner required under state law unless 'the prisoner demonstrates cause for the default and prejudice from the asserted error.'" *Teleguz v. Pearson*, 689 F.3d 322, 327 (4th Cir. 2012) (quoting *House v. Bell*, 547 U.S. 518, 536 (2006)). In *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012), the United States Supreme Court carved out a "narrow exception" that modified the "unqualified statement in *Coleman* [*v. Thompson*, 501 U.S. 722, 754-55 (1991)] that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." In *Martinez*, the Court

> read *Coleman* as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 133 S.Ct. 1911, 1918 (2013) (quoting *Martinez*, 132 S. Ct. at 1318-19, 1320-21).

The respondent argues that the petitioner cannot demonstrate that the underlying ineffective assistance of plea counsel claim has merit, and, therefore, the allegation of ineffective assistance of PCR counsel is insufficient to provide cause for the procedural default (doc. 42-1 at 15-18). As the Court in *Martinez* noted:

> When faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, i.e., it does not have any merit or that it is wholly without factual support, or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards.

132 S. Ct. at 1319. For the reasons set forth below, the undersigned agrees with the respondent.

In the indictment at issue (Indictment No. 2010-GS-23-7946), the petitioner was indicted for violation of South Carolina Code Annotated Section 16-11-380, entitled "Entering bank, depository or building and loan association with intent to steal," which provides in pertinent part, "(A) It is unlawful for a person to enter a building or part of a building occupied as a bank, depository, or building and loan association with intent to steal money, securities for money, or property, either by force, intimidation, or threats." S.C. Code Ann. § 16-11-380(A). As argued by the respondent, the statute does not require an actual robbery – only the intent to steal money either by force, intimidation, or threats. As noted in the factual basis of the guilty plea, "According to Basler's testimony, she went in the First Savers Bank to scope it out just like she did at the Arthur State Bank. She went back to the truck with this defendant, they started gearing up to rob the bank, and that's when the police arrived and apprehended both suspects. She gave a complete statement implicating herself and the defendant . . ." (app. 8). Therefore, the petitioner's initial argument that he could not be convicted of bank robbery since the First Savers Bank "was never robbed" (app. 41) is wrong as a matter of substantive South Carolina law.[6]

Second, the state's factual basis for the charged crime was that, according to accomplice Basler, she was the only one that went into the bank. It was not the State's

---

[6] As set forth above, the petitioner testified as follows at the PCR hearing:

> Because apparently while me and my co-defendant were separated, she had went into the First Savers Bank. Which I wasn't aware of at the time. And that would have came out if we went to trial. Because I would have testified to that. But what happened was they changed it from attempted robbery to bank robbery. I never entered that bank, I never robbed that bank.
>
> So, my whole grief with this whole thing is how am I in SCDC for robbing a bank that was never robbed? If we took the bank tellers or the bank president and they got on the stand right now and asked them if their bank was ever robbed, they would say no. And that would be the truth because it was never robbed.

(App. 41-42).

theory that the plaintiff actually went into the First Savers Bank, but that accomplice Basler entered it with the intent to steal by scoping it out. The indictment named the petitioner as a principal, but he was on notice at the plea (and before) that Basler was the only person who entered the bank according to the State's theory.

> At the PCR hearing counsel Chambers testified:
>
> I told him, as I had told him before, that if he went to trial, I believe he would be convicted. And he would be convicted of bank robbery, not just attempted bank robbery. It's true, evidence was such that he never went into a bank but that he was acting in concert with the co-defendant and that's what she was going to testify to. And there was also some other physical evidence of things that corroborated what she would have said.
>
> And I indicated to him that I believed that he, in all likelihood, despite my best efforts, would be convicted. That there was a good likelihood, even with Judge Miller presiding, that he would get somewhere around the maximum sentence if he went to trial.

(App. 47-48). Counsel further testified:

> [H]e had maintained, just as he said here a few minutes ago, that, I think it was his girlfriend, at any rate they were in town together, that she had committed this robbery without his knowledge. That they were in town together. And that she had committed this robbery without his knowledge. But that wasn't what she said. She had given a statement which he and I had gone over. And seems like there was another witness or somebody that saw him in a parking lot, I don't remember. But I just remember, you know, I am — listen I like to try cases, I try lots of cases. I've probably tried this year, 15 cases. And I especially like to try cases that I think I can win.
>
> I remember specifically this was one I didn't think I was going to win. And I didn't want him to get maxed out by the Judge. So, it was my opinion that they had an overwhelming case against him and that's what I told him. But yeah, I mean, he always maintained that — that she did that without his knowledge.

(App. 51-52).

The fact that Basler, rather than the petitioner, went into the First Savers Bank does not relieve the petitioner of criminal culpability under the indictment and the

11

substantive law of South Carolina. "It is well-settled that a defendant may be convicted on a theory of accomplice liability pursuant to an indictment charging him only with the principal offense." *State v. Dickman*, 534 S.E.2d 268, 269 (S.C. 2000) (citations omitted); *see also State v. Leonard*, 355 S.E.2d 270, 272 (S.C. 1987). Therefore, any assertion that the indictment did not include that the accomplice actually entered the bank, rather than the petitioner, did not render the indictment defective.

Under an accomplice liability theory, "'a person must personally commit the crime or be present at the scene of the crime and intentionally, or through a common design, aid, abet, or assist in the commission of that crime through some overt act.'" *State v. Langley*, 515 S.E.2d 98, 101 (S.C. 1999) (quoting *State v. Austin*, 385 S.E.2d 830, 832 (S.C. 1989)). *See State v. Condrey*, 562 S.E.2d 320, 325 (S.C. Ct. App. 2002). At the plea, the particular factual basis for the petitioner's charges was provided as follows:

> On July 27, 2010, the co-defendant [Basler] walked into the Arthur Bank on Pleasantburg Drive in Greenville County.
>
> She pretended to use the bathroom to make sure the bank was clear. After she left, this defendant entered the bank wearing a mask and a blue bandana around his mouth. He jumped over the counter, was screaming the whole time and said that no one would get hurt and demanded money.
>
> The defendant got approximately $2,400 in cash from the teller and left the bank.
>
> Both the co-defendant [Basler] and this defendant were arrested on July 30, 2010 after [Basler] entered the First Saver's Bank on Augusta Road. The teller there recognized her as the co-defendant in the Arthur State Bank and she tripped a silent alarm.
>
> According to Ms. [Basler's] testimony, she says that after she went in the First Savers she went in the scope it out just like the Arthur State Bank. She went back to the truck with this defendant, they started gearing up to rob the bank and that's when the police showed up and actually apprehended both suspects.

12

(App. 7-8). Here, plea counsel's belief that the petitioner would be found guilty under an accomplice liability theory is supported by the State's evidence that the petitioner was present at the scene and, through common design, Basler entered the bank in order to scope it out so that the petitioner could then enter and demand money. In addition, the petitioner undertook at least one overt act in furtherance of the crime by meeting with his accomplice in the truck to "gear up" for the robbery.

As a matter of state law, this claim is not substantial under *Martinez* because South Carolina law supports the conclusion that a crime existed as charged, despite the fact that the petitioner did not personally enter the First Savers Bank. Since the indictment was supported by the factual basis of an intent to rob the bank and the taking of overt act by the petitioner and his accomplice, PCR counsel was not ineffective in failing to make a motion under Rule 59 to assert plea counsel was ineffective in this regard. Accordingly, the petitioner has not shown cause for the procedural default under *Martinez*, and the claim should be dismissed as procedurally barred..

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's second motion for summary judgment (doc. 42) be granted.

s/ Kevin F. McDonald  
United States Magistrate Judge

September 13, 2016  
Greenville, South Carolina