IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joseph Dominick Urato, | ) | |
| | ) | Civil Action No. 6:15-1062-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Robert Stevenson, III, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

     Petitioner Joseph Dominick Urato, a state inmate proceeding pro se, filed this petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[1]  Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Respondent's second motion for summary judgment (ECF No. 42) be granted.  (ECF No. 50).  The parties were advised of their right to object.  Petitioner timely filed objections to the Report (ECF No. 51) and Respondent filed a response (ECF No. 53).

     The magistrate judge makes only a recommendation to the court.  The recommendations set forth in the Report have no presumptive weight and the responsibility to make a final determination in this matter remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, DSC, this matter was initially referred to a magistrate judge.

1

(4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Facts/Background

The magistrate judge detailed the facts of Petitioner's incarceration in the Report. (ECF No. 50 at 1–5). In his petition for habeas corpus, Petitioner raised the following ground for relief: "Ineffective assistance of counsel. Never entered [the bank] that I'm charged with; never saw or shown indictment." (ECF No. 1 at 5). The magistrate judge previously filed a Report treating this ground as raising two separate issues and recommending that Respondent's summary judgment be granted in part and denied in part. (ECF No. 35).

The first issue that Petitioner raised was that plea counsel provided ineffective assistance of counsel by failing to show Petitioner the indictment. (ECF No. 1 at 5). This court adopted the magistrate judge's recommendation that summary judgment be granted on this issue because Petitioner failed to meet his burden in showing that counsel was ineffective or that he suffered any prejudice. (ECF No. 39).

The second issue raised by Petitioner was that plea counsel was ineffective for recommending that Petitioner plead guilty to bank robbery notwithstanding the fact that he never entered into the bank (ECF No. 1 at 5). Respondent argued that Petitioner's claim was procedurally barred to the extent that it differed from the one ruled upon by the post-conviction relief ("PCR") judge. (ECF No. 17 at 11–12). Petitioner argued subsequently that the default should be excused because PCR counsel was ineffective for failing to preserve the issue for appellate review when the PCR court did not address the issue (ECF No. 35 at 18). This court adopted the magistrate judge's recommendation that summary judgment be denied on this issue

and ordered additional briefing as to whether PCR counsel's failure to raise the issue provided cause to excuse the petitioner's procedural default of this issue under *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012). (ECF No. 35 at 19). The court gave Respondent leave to address this specific issue in a subsequent motion for summary judgment (ECF No. 39).

Thereafter, Respondent filed a second motion for summary judgment (ECF No. 42), which the magistrate judge recommended the court grant in his second Report (ECF No. 50). As noted above, Petitioner has timely filed objections to the Report (ECF No. 51).

## II. Discussion

The magistrate judge found that Petitioner procedurally defaulted on his claim that plea counsel was ineffective for advising him to plead guilty to bank robbery notwithstanding the fact that he never entered First Savers Bank. (ECF No. 50 at 8). Petitioner attempted to overcome the procedural default on the ground that PCR counsel was ineffective in not preserving the claim. In *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), the Supreme Court held that any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of a claim of ineffectiveness of trial counsel. However, in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the United States Supreme Court established a "limited qualification" to the rule in *Coleman* and held that inadequate assistance of counsel at initial collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial.

Specifically, in *Martinez* the Court considered whether a federal habeas court may excuse a procedural default of an ineffective assistance of counsel claim when the claim was not properly presented in state court due to an attorney's errors in an initial review collateral proceeding when that is the first instance in which a prisoner can bring an ineffective assistance

3

of trial counsel challenge. The Court held that held that a federal habeas court can find cause to excuse a procedural default where:

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding.

*Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013) (quoting *Martinez*, 132 S. Ct. at 1318–19). To be substantial under the first element, "the prisoner must demonstrate that the claim has some merit." *Martinez*, 132 S. Ct. at 1318. Under *Strickland v. Washington*, to succeed on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was both unreasonably deficient and that the defense was actually prejudiced as a result of counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 684 (1984). There is a strong presumption that an attorney performed within the wide range of professional competence, and the attorney's performance will be deemed to have been deficient only if it fell below an objective standard of reasonableness measured under prevailing professional norms. *Id*. at 689, 694. To prove prejudice, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's unreasonable errors, the result of the proceeding would have been different. *Id*. at 694.

The application of the *Strickland* test in the context of *Martinez* means that Petitioner must show that his representation during the PCR proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state PCR matter.

The magistrate judge concluded that Petitioner could not satisfy *Martinez* because (1) the claim was not substantial under South Carolina law, which supports the conclusion that a crime

4

existed as charged in this case, regardless of whether Petitioner personally entered First Savers Bank, and (2) PCR counsel was not ineffective in failing to assert that plea counsel was ineffective, because the indictment was supported by the factual basis of an intent to rob the bank and the taking of an overt act by Petitioner and his accomplice. (ECF No. 50 at 13).

Petitioner's objections substantively restate the arguments raised in his original complaint (ECF No. 1 at 5) and his response to Respondent's second motion for summary judgment (ECF No. 46 at 4). In his objections, Petitioner argues that contrary to the magistrate judge's conclusion, his claim that plea counsel's performance was ineffective has *some merit* pursuant to *Martinez*, and PCR counsel's performance was ineffective; thus, the federal court is empowered to assess his claim against plea counsel. Petitioner asserts that based on the plain language of the statute that he pleaded guilty to, which requires "a person to enter a building with intent to steal," he could not have been found guilty. S.C. Code Ann. § 16-11-380. Petitioner alleges that the plain language is not met because first, he did not enter the building, and second, he did not know that his co-defendant entered and therefore did not possess the requisite mental state. (ECF No. 51 at 2–3). In support he compares S.C. Code Ann. § 16-11-380, the bank robbery statute in question, to S.C. Code Ann. § 16-3-29, a South Carolina attempted murder statute, which includes an articulated standard of intent. (ECF No. 51 at 3).

First, the fact that Petitioner did not enter the bank is irrelevant. Under an accomplice liability theory, "'a person must personally commit the crime or be present at the scene of the crime and intentionally, or through a common design, aid, abet, or assist in the commission of that crime through some overt act.'" *State v. Langley*, 515 S.E.2d 98, 101 (S.C. 1999) (quoting *State v. Austin*, 385 S.E.2d 830, 832 (S.C. 1989)). *See State v. Condrey*, 562 S.E.2d 320, 325 (S.C. Ct. App. 2002). Thus, in this case, regardless of whether he entered the bank, Petitioner

could be found guilty of violating S.C. Code Ann. § 16-11-380. *State v. Dickman*, 534 S.E. 2d 268, 269 (S.C. 2000) ("It is well settled that a defendant may be convicted on a theory of accomplice liability pursuant to an indictment charging him only with the principal offence."). As stated by the magistrate judge, the State's evidence that Petitioner was present at the scene and that co-defendant Deborah Pittman Basler ("Basler"),[2] through common design, entered the bank in order to scope it out so that Petitioner could subsequently enter and demand money (ECF No. 17-1 at 7–8) supported plea counsel's belief that Petitioner would be convicted through accomplice liability if he did not plead guilty. Pursuant to *Strickland* in the context of *Martinez*, Petitioner cannot demonstrate that there was a reasonable possibility that Petitioner would have received relief on his ineffective assistance of trial counsel claim but for PCR counsel's failure to assert the claim. Thus, Petitioner cannot show that PCR counsel was ineffective and fails to show cause for default under *Martinez*.

Second, Petitioner asserts that he was unaware that Basler entered the bank in question and could not be guilty of violating S.C. Code Ann. § 16-11-380, thus PCR counsel was ineffective. However, under *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy;'" thus, plea counsel had a large amount of discretion. *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Despite the fact that Petitioner has maintained that he was unaware that Basler entered the bank, evidence supported the opposite conclusion. As noted in the factual basis of the guilty plea:

> According to Basler's testimony, she went in the First Savers Bank to scope it out just like she did at the Arthur State Bank. She went back to

---

[2] The indictment for conspiracy named accomplice as "Deborah Pittman Basler." (ECF No. 17-1 at 73). In the transcript of the guilty plea, she is referred to as "Bassler." (ECF No. 17-1 at 7–9).

> the truck with this defendant, they started gearing up to rob the bank, and that's when the police arrived and apprehended both suspects. She gave a complete statement implicating herself and the defendant.

(ECF No. 17-1 at 8). Subsequently, at the PCR hearing, Petitioner's plea counsel testified:

> I told [Petitioner], as I had told him before, that if he went to trial, I believe he would be convicted. And he would be convicted of bank robbery, not just attempted bank robbery. It's true, evidence was such that he never went into a bank but that he was acting in concert with the co-defendant and that's what she was going to testify to. And there was also some other physical evidence of things that corroborated what she would have said.
>
> And I indicated to him that I believed that he, in all likelihood, despite my best efforts, would be convicted. That there was a good likelihood, even with Judge Miller presiding, that he would get somewhere around the maximum sentence if he went to trial. . . . I remember specifically this was one I didn't think I was going to win. And I didn't want him to get maxed out by the Judge. So, it was my opinion that they had an overwhelming case against him and that's what I told him.

(ECF No. 17-1 at 47–48, 52). Because of the evidence supporting (1) Petitioner's intent to rob the bank or aid Basler in robbing the bank, and (2) an overt act by Petitioner, he cannot demonstrate that the underlying ineffective assistance of plea counsel claim has merit; therefore, the allegation of ineffective assistance of PCR counsel is insufficient to provide cause for the procedural default.

Finally, the case cited by Petitioner to support his assertion that the articulated standard of intent in the statute should control, *State v. King*, 772 S.E.2d 189 (S.C. Ct. App. 2015), is distinguishable from present circumstances and irrelevant for several reasons, most significantly because it did not involve or address accomplice liability. *King* involves application of S.C. Code Ann. § 16-3-29, a South Carolina attempted murder statute, to a dissimilar set of facts and makes no mention of accomplice liability, the theory under which Petitioner's guilt is supported by the State's evidence, (ECF No. 50 at 13). Petitioner's comparison is therefore unpersuasive.

### III. Conclusion

After a thorough review of the entire record, including the Report and Petitioner's objections in accordance with the standard referenced above, the court overrules Petitioner's objections, adopts the Report (ECF No. 50), and incorporates it herein by reference. Accordingly, Respondent's second motion for summary judgment (ECF No. 42) is **GRANTED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

December 22, 2016
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.